**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **THEINT WIN HTET**<br>98 Wireless Condo, 98 Witthayu Road<br>Lumphini, Pathum Wan<br>Bangkok 10330, Thailand<br><br>*Plaintiff,*<br><br>v.<br><br>**BRADLEY T. SMITH, in his official capacity as Director of the United States Department of the Treasury, Office of Foreign Assets Control**<br>1500 Pennsylvania Avenue, NW<br>Freedman's Bank Building<br>Washington, D.C. 20220<br><br>*Defendant,*<br><br>and<br><br>**THE UNITED STATES DEPARTMENT OF THE TREASURY, OFFICE OF FOREIGN ASSETS CONTROL**<br>1500 Pennsylvania Avenue, NW<br>Freedman's Bank Building<br>Washington, D.C. 20220<br><br>*Defendant.* | Case No. 1:26-cv-2652<br><br>**COMPLAINT TO COMPEL AGENCY ACTION UNREASONABLY DELAYED** |

Plaintiff Theint Win Htet brings this Complaint to Compel Agency Action Unreasonably Delayed against Defendants the United States Department of the Treasury's Office of Foreign Assets Control ("OFAC") and its Director, Bradley T. Smith, and in support of her Complaint alleges the following:

## INTRODUCTION

1. This is a civil action brought under the Administrative Procedure Act, 5 U.S.C. §§ 555(b) and 706(1), to compel Defendants to conclude their review of and issue a written final determination on Plaintiff's Petition for Administrative Reconsideration ("Petition") of the economic sanctions Defendants imposed on her in 2024.

2. Plaintiff Theint Win Htet is a Burmese national and full-time student who was designated solely by reason of her familial relationship to her father, Thein Win Zaw. On January 31, 2024, Defendant OFAC designated Plaintiff pursuant to Executive Order ("E.O.") 14014, 86 Fed. Reg. 9,429 (Feb. 12, 2021), as the adult child of Thein Win Zaw, and added her name to the Specially Designated Nationals and Blocked Persons List ("SDN List") administered by Defendant OFAC.

3. On July 29, 2025, Plaintiff filed her Petition with Defendant OFAC pursuant to the agency's procedures governing removal from the SDN List set forth in 31 C.F.R. § 501.807. The Petition demonstrated that Plaintiff—who was a university student at the time of her designation and remains one today—is not involved in, and derives no benefit from, the conduct that gave rise to the underlying sanctions program. The Petition further evidenced and that Plaintiff's continued designation is unwarranted since she has distanced herself from her family in Burma and established a life in the West.

4. Nearly a year has now passed since Plaintiff filed her Petition. In that time, Defendants have not issued a single questionnaire, have not requested any additional information, have not acknowledged or responded to Plaintiff's request for an update, and have not taken any other substantive action on the Petition. Defendants have simply allowed the Petition to sit unadjudicated, prolonging the harms Plaintiff continues to suffer as a direct result of her continued

listing while her Petition remains pending.

5. Defendant OFAC's own published guidance states that "the ultimate goal of sanctions is not to punish, but to bring about a positive change in behavior." U.S. Dep't of the Treasury, Off. of Foreign Assets Control, *Filing a Petition for Removal from an OFAC List*, https://ofac.treasury.gov/specially-designated-nationals-list-sdn-list/filing-a-petition-for-removal-from-an-ofac-list (last visited July 20, 2026).

6. Plaintiff was a twenty-four-year-old graduate student when she was designated. She has no active role in her father's business affairs, no current ownership or management interest connected to her father or the Burmese government, and no relationship to the military coup in Burma to which E.O. 14014 was imposed in response. Plaintiff further has no ability to cease being her father's biological daughter. Plaintiff was designated for who her father is, not for anything she has done to contribute to or benefit from the emergency E.O. 14014 was issued to address.

7. As a young adult seeking to establish her life in the West, Plaintiff has suffered acutely by her designation and by Defendants' continued silence. Plaintiff's U.S. credit cards have been blocked, her foreign bank accounts have been restricted, closed, or refused, and she has been unable to complete her university studies in the United States. Furthermore, Plaintiff has been publicly branded on the SDN List alongside terrorists, narcotics traffickers, dictators, and other malign actors—all while an agency that will neither act nor explain its inaction leaves her Petition unadjudicated.

8. This Court is not asked to decide whether Plaintiff belongs on the SDN List. It is asked only to direct OFAC to perform the discrete action its regulations prescribe: review Plaintiff's Petition and provide a written decision. Accordingly, Plaintiff respectfully requests an order declaring that Defendants' delay is unreasonable and compelling Defendants to issue a final

determination on her Petition within a date certain.

## JURISDICTION AND VENUE

9. This action arises under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States.

10. This Court may grant the relief requested herein pursuant to 5 U.S.C. § 702, which waives the sovereign immunity of the United States for civil actions seeking relief other than money damages against a United States agency or officer acting in an official capacity. This Court may also grant relief pursuant to 5 U.S.C. § 706(1), which authorizes this Court to compel agency action unlawfully withheld or unreasonably delayed. Further, the Court may grant declaratory and further necessary relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202.

11. Venue is proper in the District of Columbia pursuant to 28 U.S.C. § 1391(e), as Defendants are officers and agencies of the United States residing in the District of Columbia, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## THE PARTIES

12. Plaintiff Theint Win Htet is a citizen of Burma (Myanmar) who ordinarily resides with her mother in Bangkok, Thailand, and who has resided in Paris, France, and New York City, United States, while pursuing her studies. Plaintiff was designated by Defendant OFAC as a Specially Designated National ("SDN") pursuant to E.O. 14014 on January 31, 2024, and she remains on the SDN List as of the date of this filing.

13. Plaintiff has spent a substantial portion of her life living and studying in the United States. She received her Bachelor of Arts from New York University in May 2022, where she

resided for several years, and thereafter enrolled in a three-term Master of Science in Enterprise Risk Management program at Columbia University in New York, of which she completed one term prior to her designation. Plaintiff was previously granted Temporary Protected Status by the United States Citizenship and Immigration Services, most recently approved from November 26, 2022 through May 25, 2024. In addition, Plaintiff held an associated Authorization for Travel by a Noncitizen valid from April 6, 2023 through April 4, 2024, as well as student visas issued between 2018 and 2021 in connection with her studies in the United States. Moreover, Plaintiff previously held United States Employment Authorizations from October 12, 2021 until July 10, 2023. Plaintiff also holds a New York State identification card, issued on June 27, 2022 and valid through May 21, 2027.

14. Defendant OFAC is an administrative agency of the United States Department of the Treasury, located at 1500 Pennsylvania Ave., NW, Freedman's Bank Building, Washington D.C. 20220. Defendant OFAC is responsible for maintaining and administering the SDN List. This includes placing persons on and removing persons from the SDN List consistent with E.O. 14014 and the implementing regulations located at 31 C.F.R. Parts 501 and 525, the "Reporting, Procedures and Penalties Regulations" and the "Burma Sanctions Regulations," respectively. Defendant OFAC was responsible for designating Plaintiff under E.O. 14014 and is responsible for reviewing and issuing a written decision on Plaintiff's Petition.

15. Defendant Bradley T. Smith is the Director of OFAC. In this role, Director Smith is responsible for overseeing and directing OFAC's operations, including the review and resolution of petitions for administrative reconsideration. Director Smith is sued in his official capacity.

## FACTUAL ALLEGATIONS

### A. Plaintiff's Designation Under E.O. 14014

16. On January 31, 2024, Defendant OFAC designated Plaintiff pursuant to section 1(a)(v) of E.O. 14014 for being a spouse or adult child of Thein Win Zaw, a person whose property and interests in property were concurrently blocked pursuant to E.O. 14014. *Notice of OFAC Sanctions Actions*, 89 Fed. Reg. 8,753 (Feb. 8, 2024); Press Release, U.S. Dep't of the Treasury, *Treasury Sanctions Military Cronies and Companies in Burma Three Years after Military Coup*, January 31, 2024, *available at*: https://home.treasury.gov/news/press-releases/jy2067. The sole basis for Plaintiff's designation is her familial relationship to her father. *Id*.

17. As a result of her designation, Plaintiff's name was added to the SDN List, and all property in which she has an interest that was or came within the United States is blocked. In addition, U.S. persons are prohibited from engaging in transactions or dealings with her absent an applicable statutory exemption or a license issued by Defendant OFAC. Moreover, foreign persons who engage in certain transactions or dealings with her are themselves exposed to a risk of designation under E.O. 14014, presenting a tangible impediment to the routine and ordinary transactions necessary to provide for her daily life.

### B. Plaintiff's July 29, 2025 Petition for Administrative Reconsideration

18. Defendant OFAC administers regulatory procedures by which persons designated pursuant to its regulations and identified on the SDN List may seek to have their sanctions lifted. *See* 31 C.F.R. § 501.807. OFAC's delisting procedures allow interested parties to request reconsideration of their designations by arguing that there is an insufficient factual or legal basis for the designation; asserting that the circumstances resulting in the designation no longer apply; or proposing remedial measures that they believe would negate the basis of the designation, if

adopted. *Id*. Defendant OFAC's regulations provide examples for when the basis for designation may be negated, including "resignation of persons from positions in a blocked entity." *Id*.

19. In addition, Defendants have previously argued in prior litigation with Plaintiff that a sanctioned person seeking a delisting may present any information or arguments that the person believes evidence that the designation is "not warranted" and that the person's designation should be rescinded. Defendants' Motion to Dismiss, at 23, *Theint Win Htet v. Trump*, Civ. Action No. 1:24-cv-01446 (D.D.C. July 19, 2024) (ECF No. 5). Specifically, Defendants previously asserted that Plaintiff can show she distanced herself from the military coup in Myanmar, which is the threat E.O. 14014 was issued to address. *Id*. That action was dismissed on February 18, 2025, and Plaintiff thereafter availed herself of the administrative reconsideration process that Defendants had identified. *See Theint Win Htet v. Trump*, No. CV 24-1446 (RC), 2025 WL 522033, at *1, (D.D.C. Feb. 18, 2025).

20. Defendant OFAC has published guidance for persons seeking delisting. U.S. Dep't of the Treasury, Off. of Foreign Assets Control, *Filing a Petition for Removal from an OFAC List*, *available at*: https://ofac.treasury.gov/specially-designated-nationals-list-sdn-list/filing-a-petition-for-removal-from-an-ofac-list (last visited July 20, 2026). OFAC's guidance states that "the ultimate goal of sanctions is not to punish, but to bring about a positive change in behavior." *Id*.

21. On July 29, 2025, Plaintiff filed the Petition pursuant to Defendant OFAC's regulations at 31 C.F.R. § 501.807. Plaintiff's Petition established a change in the circumstances underlying her designation as she has separated herself from her family in Burma and distanced herself from the Burmese regime by building a life in the West. Specifically, Plaintiff explained that she has lived outside Burma since the age of seventeen and pursued her education in

Switzerland, the United States, and France. Moreover, the Petition explained that she has divested from and holds no ownership interest or position in any company, including any entity alleged to be closely related to the regime, and receives no distributions from any such company.

22. Plaintiff's Petition also proposed a series of remedial measures designed to negate the basis for her designation and to assure OFAC that she will not engage in sanctionable conduct in the future. These measures included ongoing written certifications that she will not have any commercial dealings with Thein Win Zaw, Tin Latt Min, Win Paing Kyaw, or the Shwe Byain Phyu Group of Companies, that she will not conduct any transactions with, or on behalf of, Burmese state-owned entities, and that she will not engage in any commercial transactions with the Burmese Government; submission to a third-party audit of her personal assets; the provision of financial and employment documentation and periodic compliance certifications to OFAC over a five-year period; and a charitable donation to a United States-based nonprofit organization supporting the people of Burma.

23. Lastly, Plaintiff's Petition demonstrated that her continued designation is otherwise unwarranted because she has never been alleged to have engaged in the conduct that E.O. 14014 was issued to address—namely, the February 2021 military coup in Burma and its aftermath—and was designated solely by reason of her familial relationship to her father. Plaintiff's Petition accordingly requested that OFAC rescind her designation and remove her name from the SDN List, or, in the alternative, accept her proposed remedial measures in exchange for that relief.

24. Plaintiff's Petition consisted of a total of seventy-five (75) pages, including cover pages and exhibits. Defendant OFAC acknowledged receipt of the Petition on August 15, 2025 and assigned it Case ID: BURMA-EO14014-41288. OFAC's acknowledgment stated that the "request is under review" and that "it is likely that OFAC will seek additional information from

your client before a final determination is made concerning your client's inclusion on the List of Specially Designated Nationals and Blocked Persons."

**C. Defendants' Failure to Take Any Action on the Petition**

25. Since Plaintiff filed her Petition on July 29, 2025, Defendants have not adjudicated the Petition and have not taken any substantive step toward doing so. Defendants have not issued a questionnaire, have not requested any additional or clarifying information, and have not otherwise engaged with the substance of Plaintiff's submission.

26. OFAC's own published guidance states that "[i]f necessary, OFAC typically endeavors to send the first questionnaire within 90 days of opening a petition." U.S. Dep't of the Treasury, Off. of Foreign Assets Control, *Filing a Petition for Removal from an OFAC List*, *available at* https://ofac.treasury.gov/specially-designated-nationals-list-sdn-list/filing-a-petition-for-removal-from-an-ofac-list (last visited July 20, 2026). Yet nearly twelve (12) months after OFAC received Plaintiff's Petition, no questionnaire—nor any other substantive communication—has issued.

27. Indeed, Defendants have not even acknowledged Plaintiff's request for an update on the Petition's adjudication. Specifically, on January 7, 2026, Plaintiff's counsel emailed Defendant OFAC stating, "[a]s it has been over five months since we filed a petition for reconsideration and we have not had any feedback from OFAC, can you please advise if we should expect a questionnaire in this matter or an adjudication of the matter any time soon?" Plaintiff never received a response nor confirmation that the January 7, 2026 email was received or under consideration.

28. As of the date of this Complaint, nearly twelve (12) months have elapsed since Plaintiff filed her Petition, and Defendants have neither adjudicated nor taken any substantive

action with respect to her request. Plaintiff has availed herself of Defendant OFAC's administrative reconsideration procedures by submitting a Petition for removal from the SDN List in conformity with the regulations and stands ready to respond promptly to any request for further information. Defendants, however, have failed to act within any reasonable timeframe.

**D. Plaintiff's Ongoing Harm**

29. Defendant OFAC's designation of Plaintiff—and its failure to timely adjudicate the Petition—has caused substantial harm to Plaintiff personally, financially, reputationally, and mentally, upending her ability to conduct basic transactions to support herself and to complete her education.

30. Specifically, Defendant OFAC's designation has prevented Plaintiff from completing her Master of Science in Enterprise Risk Management degree from Columbia University, delaying her opportunity to find employment in her area of expertise. Plaintiff's designation also directly impaired her studies in France, as Plaintiff was informed by her university, Hautes Etudes Commerciales de Paris ("HEC"), on January 24, 2025, of its decision not to readmit Plaintiff unless her designation was lifted—a decision HEC reaffirmed on March 20, 2025. It was only as a result of legal action Plaintiff initiated before the Judicial Court of Paris that she was readmitted to HEC in September 2025.

31. Moreover, many financial institutions, including those in the United States, France, the United Arab Emirates, and Lithuania, have closed or restricted Plaintiff's financial accounts—forcing her to rely on her mother's financial support for her survival. For example, Plaintiff's credit card accounts with Bank of America and American Express have been restricted and are believed to have been reported as blocked. Plaintiff's accounts with BNP Paribas, Standard Chartered Bank, and Revolut have been restricted as a result of her designation and she is unable to access them.

Moreover, Plaintiff's attempts to open new non-U.S. financial accounts, including with Caisse d'Épargne, have been futile, as a direct consequence of her sanctions designation. Cut off from the formal financial system, Plaintiff has been forced to rely on cash provided by her mother to meet her basic daily needs. Plaintiff has no meaningful ability to receive funds, pay tuition, or transact for ordinary living expenses through ordinary banking channels while she remains on the SDN List.

32. Furthermore, Plaintiff's designation restricts her very ability to return to the United States—where she has lived and studied for a substantial portion of her life—because E.O. 14014 suspends the entry into the United States of persons designated under it. *See* E.O. 14014, § 3.

33. The anxiety and distress caused by her designation and the harms stemming from her inclusion on the SDN List resulted in a formal diagnosis of clinical depression on April 23, 2024, by HEC's medical staff. Notwithstanding this diagnosis, Plaintiff's designation has inhibited her ability to seek treatment, as her medical files were maintained by U.S. entities prohibited from dealing with her.

34. Plaintiff's continuing designation also imposes significant and ongoing reputational harm. By being identified on the SDN List, Plaintiff is publicly branded—alongside terrorists, arms dealers, narcotics traffickers, and other malign actors—as a person whose conduct the United States has determined to be contrary to its foreign policy and national security interests. This is notwithstanding that Plaintiff—a full-time student in her mid-twenties—was designated based solely on her status as her father's daughter and is not accused of causing or benefiting from the activity E.O. 14014 was issued to address. Plaintiff's designation has subjected her to public attacks and to calls for foreign governments to freeze her assets and reconsider her residency status, compounding the harm to her reputation, her studies, and her personal safety.

35. Many of the foregoing harms began with Plaintiff's January 2024 designation. Defendants' failure to resolve her Petition, however, prolongs those harms and deprives Plaintiff of a decision that would permit her either to obtain relief through the administrative process or to seek judicial review of a final agency action.

## CAUSE OF ACTION

### COUNT I

### DEFENDANTS' FAILURE TO ADJUDICATE PLAINTIFF'S PETITION FOR ADMINISTRATIVE RECONSIDERATION CONSTITUTES UNREASONABLE DELAY UNDER THE ADMINISTRATIVE PROCEDURE ACT

36. Plaintiff re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

37. The APA provides that, "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). The APA further requires reviewing courts to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

38. Defendant OFAC's regulations expressly set forth the administrative reconsideration procedure through which Plaintiff submitted her Petition. 31 C.F.R. § 501.807. The regulation contemplates that Defendant OFAC will conduct that review and reach a determination in due course. Indeed, the regulation provides that "[a]fter OFAC has conducted a review of the request for reconsideration, it will provide a written decision to the person seeking the removal of a person . . . from the SDN List." 31 C.F.R. § 501.807(b)(3). Accordingly, Plaintiff seeks to compel a discrete agency action that Defendants are legally required to take; namely, completion of the review and issuance of a written decision on Plaintiff's Petition.

39. In assessing whether agency action has been unreasonably delayed, courts in this Circuit apply the framework set forth in *Telecommunications Research & Action Center v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984) ("TRAC"). The TRAC factors weigh in Plaintiff's favor. Plaintiff's Petition has been pending before Defendants for nearly one (1) year, and Defendants have taken no substantive action on it whatsoever—not even the issuance of a questionnaire. Defendants' total inaction is not governed by any discernible rule of reason, and is unreasonable under the APA. Defendants' own published guidance—under which OFAC "typically endeavors" to send a first questionnaire within 90 days of receiving a petition—supplies content for that rule of reason; yet nearly a year has passed without even that first step.

40. Each of the TRAC factors supports relief here. First, Defendants' elapsed time—coupled with their complete failure to request information, issue a questionnaire, or provide any substantive response—is not governed by a discernible rule of reason. Second, although Congress has not supplied a timetable for resolving petitions under 31 C.F.R. § 501.807, the absence of a statutory timetable does not license indefinite delay. Third and fifth, the delay prejudices Plaintiff's health, welfare, and financial interests: it continues her exclusion from ordinary financial services, impairs her ability to complete her education, and prolongs serious personal and reputational harms. Fourth, Plaintiff seeks only a decision on her own Petition; she does not ask the Court to dictate the substantive result or to reorder Defendants' competing priorities except as necessary to remedy the unreasonable delay. Sixth, no showing of agency impropriety is necessary to establish unreasonable delay. *See TRAC*, 750 F.2d at 80.

41. Defendants' delay is not justified by the complexity of Plaintiff's arguments for removal or by the factual record. Plaintiff was designated solely because she is the adult child of Thein Win Zaw. She has no role in the business affairs that gave rise to the underlying sanctions

program, a fact readily apparent from the face of her Petition. Moreover, Defendants have previously stated that Plaintiff could argue that her designation is unwarranted by demonstrating that she distanced herself from the military coup in Myanmar. Defendants' Motion to Dismiss, at 23, *Theint Win Htet v. Trump*, Civ. Action No. 1:24-cv-01446 (D.D.C. July 19, 2024) (ECF No. 5). Plaintiff's Petition did just that, presenting evidence and arguments directed to that issue, together with proposed remedial measures. Notwithstanding this, Defendants have had that Petition in hand since July 29, 2025 and have neither engaged with it nor requested anything further.

42. The interests prejudiced by Defendants' delay—i.e., Plaintiff's ability to access financial services, to provide for her basic needs, to pay for and complete her education, and to be free of the severe reputational and personal harm inflicted by her continued listing—are substantial. Absent relief under the APA, Defendants' failure to adjudicate the Petition will continue indefinitely, and Plaintiff will continue to suffer the consequences of her designation so long as Defendants persist in refusing to render a final decision on the Petition.

43. Defendants' delay is unreasonable as a matter of law and constitutes agency action unlawfully withheld or unreasonably delayed. *See* 5 U.S.C. §§ 706(1) and 555(b). Therefore, Plaintiff is entitled to an order compelling Defendants to complete their review of and issue a written final determination on the Petition.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare that Defendants' failure to adjudicate the Plaintiff's July 29, 2025 Petition for Administrative Reconsideration constitutes agency action unlawfully withheld or unreasonably delayed under 5 U.S.C. § 706(1);

B. Issue an order compelling Defendants to promptly complete their review of and issue a written decision on Plaintiff's July 29, 2025 Petition for Administrative Reconsideration within a date certain to be set by the Court;

C. Retain jurisdiction over this action to ensure Defendants' timely compliance with any order entered by the Court, including by enforcing the date certain set for issuance of a written decision on Plaintiff's Petition;

D. Award Plaintiff her costs and attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 *et seq.,* and any other applicable provision of law; and

E. Grant such other and further relief as the Court may deem just and proper.

Dated: July 28, 2026

Respectfully submitted,

*<u>/s/ Erich C. Ferrari</u>*
Erich C. Ferrari, Esq.
Ferrari & Associates
1455 Pennsylvania Ave., NW
Suite 400
Washington, D.C. 20004
Telephone: (202) 280-6370
Fax: (877) 448-4885
Email: ferrari@falawpc.com
D.C. Bar No. 978253

*Attorney for Plaintiff*